UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LEE CHILDRESS, JR., Reg. No. 23581-039, <br><br> Plaintiff, <br><br> vs. <br><br> KRAIG PALMER, <br><br> Defendant. | Case No.: 3:18-cv-00514-CAB-BLM <br><br> **ORDER:** <br><br> **1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2]; AND** <br><br> **3) ISSUING STAY OF CIVIL ACTION** |

ROBERT LEE CHILDRESS, Jr. ("Plaintiff"), a federal detainee currently housed at the Metropolitan Correctional Center ("MCC") in San Diego, California, and proceeding pro se, has filed a civil rights complaint pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) (ECF No. 1). Plaintiff claims Defendant Kraig Palmer, a Federal Bureau of Investigation Agent, violated his Fourth and Fifth Amendment rights by conducting "an illegal search and seizure." Compl. at 3-4. Plaintiff seeks injunctive relief in the form of the prevention of

disposing of the property seized and a return of the property seized to him, along with monetary damages. *See id.* at 8.

Plaintiff has not prepaid the $400 filing fee required by 28 U.S.C. § 1914(a) to commence a civil action; instead, he has filed a Motion to Proceed IFP (ECF No. 2). Plaintiff also has ongoing criminal proceedings which appear to involve the same issues raised in this matter.[1]

## I. Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[2] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

---

[1] The Court may "'take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)). Therefore, the Court takes judicial notice of *United States v. Childress*, S.D. Cal. Criminal Case No. 3:16-cr-02556-GPC, currently pending before Judge Curiel.

[2] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his IFP Motion, Plaintiff has submitted a copy of his Federal Bureau of Prisons Trust Account Activity. *See* ECF No. 2 at 5; 28 U.S.C. § 1915(a)(2); S.D. CAL. CIVLR 3.2; *Andrews*, 398 F.3d at 1119. This statement shows that while Plaintiff has had a total of $217.82 deposited to his account since September 27, 2017, he had an available balance of only $0.44 at the time of filing. *See* ECF No. 2 at 3-4. Thus, the Court assesses Plaintiff's initial partial filing fee to be $6.20 pursuant to 28 U.S.C. § 1915(b)(1), but acknowledges he may be unable to pay even that small initial fee at this time. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered.").

Therefore, the Court GRANTS Plaintiff's Motion to Proceed IFP (ECF No. 2), declines to exact the initial filing fee because his trust account statement indicates he may have "no means to pay it," *Bruce*, 136 S. Ct. at 629, and directs the Warden of the MCC

1 or his designee, to instead collect the entire $350 balance of the filing fees required by 28
2 U.S.C. § 1914 and forward them to the Clerk of the Court pursuant to the installment
3 payment provisions set forth in 28 U.S.C. § 1915(b)(1). *See id.*

**II.     Initial Screening per 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)**

A.    <u>Standard of Review</u>

Because Plaintiff is a prisoner and is proceeding IFP, his complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its

judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

      B.    <u>*Bivens*</u>

Plaintiff has brought his claims pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* is the "federal analogue" to § 1983. *Hartman v. Moore*, 547 U.S. 250, 254, 255 n.2 (2006); *Iqbal*, 556 U.S. at 675-76.

In *Bivens*, the Supreme Court recognized an implied cause of action for damages against federal officers for alleged violation of a citizen's rights under the Fourth Amendment. 403 U.S. at 397; *Iqbal*, 556 U.S. at 675. After *Bivens*, the Supreme Court has recognized a similar cause of action implied against federal actors for alleged violations of the Due Process Clause of the Fifth Amendment and the Cruel and Unusual Punishment clause of the Eighth Amendment. *See Correctional Services Corp. v. Malesko*, 534 U.S. 61, 67-68 (2001); *see also Iqbal*, 556 U.S. at 675 (noting Supreme Court's refusal to "extend *Bivens* to a claim sounding in the First Amendment.") (citing *Bush v. Lucas*, 462 U.S. 367 (1983)).

      C.    <u>Defendant Palmer</u>

Plaintiff may bring a *Bivens* action against FBI Agent Palmer because he has alleged facts sufficient to plausibly show that this "Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *see also Perez v. United States*, 103 F. Supp. 3d 1180, 1211 (S.D. Cal. 2015) (noting application of Fourth Amendment's reasonableness standards to *Bivens* action).

Specifically, Plaintiff claims that Defendant Palmer violated his Fourth and Fifth Amendment rights by searching and seizing property without a warrant. (*See* Compl. at 3-4.)

However, in *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court concluded that a § 1983 claim which "necessarily implies the invalidity" of an underlying criminal judgment is not cognizable until the criminal judgment has been reversed, set aside, expunged, invalidated, or called into question on federal habeas review. *Id.* at 486-87; *see also Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996) (applying *Heck*'s favorable termination rule to *Bivens* actions). Here, Plaintiff's Fourth Amendment claims against Defendant Palmer could be barred by *Heck* to the extent they may "necessarily imply the invalidity" of his criminal judgment—should he ultimately be convicted for the crimes for which he is currently awaiting trial before Judge Curiel in *U.S. v. Childress*, S. D. Cal. Criminal Case No. 3:16-cv-02556-GPC.

However, *Heck* only comes into play when there exists "'a conviction or sentence that has not been ... invalidated,' that is to say, an 'outstanding criminal judgment.'" *Wallace v. Kato*, 549 U.S. 384, 393 (2007) (quoting *Heck*, 512 U.S. at 486-87). In *Wallace*, the Supreme Court specifically rejected the contention that "an action which would impugn an *anticipated future conviction* cannot be brought until that conviction occurs and is set aside." *Id.* at 393 (italics in original).

Thus, if a Plaintiff raises Fourth Amendment claims in a § 1983 or *Bivens* action while he remains subject to criminal prosecution, but before he is convicted or exonerated, as Plaintiff has here, or if he "files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial, it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Wallace*, 549 U.S. at 393-94 (citing *Heck*, 512 U.S. at 487-88, n.8).

"If the plaintiff is then convicted, and if the stayed civil suit would impugn that conviction, *Heck* requires dismissal; otherwise, the case may proceed." *Id.*; *see also Fourstar v. Clark*, No. CV160126GFDLCTJC, 2017 WL 892330, at *2 (D. Mont. Mar. 6, 2017) (staying *Bivens* action while Plaintiff's federal criminal trial remained pending

pursuant to *Wallace* and *Heck*); *Foster v. United States*, No. CV094067GHKVBKX, 2009 WL 10675790, at *3 (C.D. Cal. July 20, 2009) (same).

**III. Conclusion and Order**

Based on the foregoing, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

2. **DIRECTS** the Warden of the MCC, or his designee, to collect from Plaintiff's trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Warden, Metropolitan Correctional Center, 880 Union Street, San Diego, CA 92101.

4. **DIRECTS** the Clerk of the Court to **STAY** these proceedings in this civil action pending resolution of Plaintiff's criminal proceedings in *U.S. v. Childress*, S. D. Cal. Criminal Case No. 3:16-cv-02556-GPC.

65 **ORDERS** Plaintiff to file a Motion requesting the stay in these proceedings be lifted, together with a Motion requesting U.S. Marshal service upon Defendant Palmer pursuant to Fed. R. Civ. P. 4(c)(3) and 28 U.S.C. § 1915(d), <u>within 30 days</u> of the conclusion of his criminal case.

**IT IS SO ORDERED**.

Dated: April 26, 2018

_____
Hon. Cathy Ann Bencivengo
United States District Judge