UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LEE CHILDRESS, JR., Reg. No. 25851-039,<br><br>Plaintiff,<br><br>vs.<br><br>KRAIG PALMER; J. KYLE SCROGGINS, Jr.; UNKNOWN ESCONDIDO POLICE OFFICERS,<br><br>Defendants. | Case No.: 3:18-cv-00514-CAB-BLM<br><br>**ORDER:**<br><br>**1) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO LIFT STAY, CORRECT CAPTION AND REQUEST FOR U.S. MARSHAL SERVICE [ECF No. 4]; and**<br><br>**2) DISMISSING FIRST AMENDED COMPLAINT** |

**I.     Procedural History**

On March 8, 2018, Robert Lee Childress, Jr. ("Plaintiff"), a federal detainee currently housed at the Metropolitan Correctional Center ("MCC") in San Diego, California, and proceeding pro se, filed a civil rights complaint pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) (ECF No. 1). Plaintiff claimed Defendant Kraig Palmer, a Federal Bureau of Investigation

Agent, violated his Fourth and Fifth Amendment rights by conducting "an illegal search and seizure." Compl. at 3-4. Plaintiff sought injunctive relief in the form of the prevention of disposing of the property seized and a return of the property seized to him, along with monetary damages. *See id.* at 8. In addition, Plaintiff filed a Motion to Proceed IFP (ECF No. 2).

The Court granted Plaintiff's Motion to Proceed IFP but determined that a stay of the matter should be issued as Plaintiff has ongoing criminal proceedings which appear to involve the same issues raised in this action.[1] Specifically, the Court found that Plaintiff "may bring a *Bivens* action against FBI Agent Palmer" because he had alleged facts that Defendant Palmer violated his constitutional rights by "searching and seizing property without a warrant." (ECF No. 3 at 5.) However, the Court also found that Plaintiff "Fourth Amendment claims against Defendant Palmer could be barred by *Heck*[2] to the extent they may 'necessarily imply the invalidity' of his criminal judgment - should he ultimately be convicted for the crimes for which he is currently awaiting trial." (*Id.* at 6.) Thus, the Court issued a stay of this action pursuant to *Wallace v. Kato*, 549 U.S. 384, 393 (2007) ("[i]t is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended.")

On July 11, 2018, Plaintiff filed a "Motion to Lift Stay, Correct Caption and for U.S. Marshal Service," along with a First Amended Complaint ("FAC"). (ECF Nos. 4, 5.) In his FAC, Plaintiff has added J. Kyle Scroggins, Jr. and Unknown Escondido Police Officers as Defendants.

---

[1] The Court may "'take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)). Therefore, the Court takes judicial notice of *United States v. Childress*, S.D. Cal. Criminal Case No. 3:16-cr-02556-GPC.

[2] *See Heck v. Humphrey*, 512 U.S. 477 (1994).

## I. Motion to Lift Stay, Correct Caption, and for U.S. Marshal Service

### A. Motion to Lift Stay

Plaintiff argues that the "stay must be lifted." (ECF No. 4 at 5.) In his original Complaint, Plaintiff alleged Defendant Palmer violated his Fourth and Fifth Amendment rights by "searching and seizing property without a warrant." (*Id.*) As stated above, the basis for the stay was due to the Fourth Amendment claim because it could "necessarily imply the invalidity" of his criminal judgment if Plaintiff is convicted following the pending criminal proceeding. (ECF No. 3 at 6.) Plaintiff now indicates that he is no longer bringing a claim alleging violation of his Fourth Amendment rights in his FAC and thus, the need for a stay no longer exists.

The Court will GRANT Plaintiff's motion to lift the stay but must also conduct the required sua sponte screening of his FAC pursuant to 28 U.S.C. § 1915(e) & § 1915A. Plaintiff's request to remove his Bureau of Prisons ("BOP") identification number from the docket, along with his request for U.S. Marshal service of his FAC, is DENIED.

## II. Sua Sponte Screening per 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

### A. Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his FAC requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of

| | |
|---|---|
| 1 | Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 |
| 2 | F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th |
| 3 | Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard |
| 4 | applied in the context of failure to state a claim under Federal Rule of Civil Procedure |
| 5 | 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, |
| 6 | accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, |
| 7 | 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121. |

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

B.  *Bivens*

Plaintiff has brought his claims pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). "In *Bivens*, the Supreme Court 'recognized for the first time an implied right of action for damages against federal officers alleged to have violated a citizen's constitutional rights.'" *Vega v. United States*, 881 F.3d 1146, 1152 (9th Cir. 2018) (quoting *Hernandez v. Mesa*, __ U.S. __, 137 S. Ct. 2003, 2006 (2017) (citation omitted)). "In the limited settings where *Bivens* does apply, the implied cause of action is the 'federal analog to suits brought against state officials under Rev. Stat. § 1979, 42 U.S.C. § 1983.'" *Iqbal*, 556 U.S. at 675-76 (quoting *Hartman v. Moore*, 547 U.S. 250, 254 n.2 (2006)).

///
///
///

1. Fifth Amendment due process claim

Plaintiff alleges Defendant Palmer violated his Fifth Amendment due process rights when he allegedly "seized" several of Plaintiff's vehicles and currency. (FAC at 5.) Since *Bivens* was decided, the Supreme Court has "only expanded this 'implied cause of action' twice." *Ziglar v. Abbasi*, __ U.S. __, 137 S.Ct. 1843, 1854 (2017). The Supreme Court did expand *Bivens* to include a claim brought under the Fifth Amendment due process claim for gender discrimination. *See Davis v. Passman*, 442 U.S. 228 (1979). However, the claim brought by Plaintiff before this Court does not include allegations of gender discrimination.

In *Abbasi*, the Supreme Court held that when seeking to expand *Bivens*, the "first question a court must ask in a case like this one is whether the claim arises in a new *Bivens* context, *i.e.*, whether the case is different in a meaningful way from previous *Bivens* cases decided by the Court." *Vega*, 881 F.3d at 1153 (citing *Abbasi*, 137 S.Ct. at 1864). As stated above, the Supreme Court has not expanded *Bivens* to include a Fifth Amendment claim based on procedural due process arising from a deprivation of property. Therefore, Plaintiff's claims present a "new context" under *Abbasi*.

The Supreme Court has also created a "two-step analysis for determining congressional intent as to the appropriateness of a *Bivens* remedy." *Western Radio Services Co. v. U.S. Forest Service*, 578 F.3d 1116, 1120 (9th Cir. 2009) (citing *Wilkie v. Robbins*, 551 U.S. 537, 550 (2007)). First, a court must determine "whether any alternative, existing process for protecting the interest amounts to a convincing reason for the Judicial Branch to refrain from providing a new and freestanding remedy in damages." *Wilkie*, 551 U.S. at 550.

Here, Plaintiff has at least two available remedies and one of these remedies he has already pursued. As stated above, the Court has taken judicial notice of *United States v. Childress*, S.D. Cal. Criminal Case No. 3:16-cr-02556-GPC. This is Plaintiff's criminal ongoing matter. In his criminal proceeding, Plaintiff has filed a "Motion to Return Property" which seeks the return of property that is identical to the property referenced in

5

the action currently before this Court. *Id.*, ECF No. 94. In this motion filed in his criminal proceeding, Plaintiff argues that the property was seized "based on warrants believed to be in bad faith and based on false information." (*Id.* at 1.) Plaintiff's Motion was denied on March 9, 2018. (*Id.*, ECF No. 106.) Plaintiff filed his Complaint in this action on March 8, 2018. (ECF No. 1.) Based on these facts, the Court finds that Plaintiff has demonstrated that he has an "alternative remedial structure" which he, in fact, pursued. *Abbasi*, 137 S.Ct. 1858.

In addition, Plaintiff could also potentially have a remedy under the Federal Tort Claims Act ("FTCA"). The FTCA provides a remedy "for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission" of a federal employee. 28 U.S.C. § 2672. However, the FTCA provides that the exclusive remedy for torts committed by federal employees is a suit against the United States. 28 U.S.C. § 2679(b)(1).

The Court finds, for all the above stated reasons, that there is no rational to imply a *Bivens* action based on the claims presented by Plaintiff. Accordingly, Plaintiff's Fifth Amendment due process claims are DISMISSED for failing to state a claim upon which relief may be granted.

        2.      Fourth Amendment claims

In his FAC, Plaintiff does allege a Fourth Amendment search and seizure claim based on events that occurred at the time of his arrest. (*See* FAC at 7.) Plaintiff also adds "Unknown Escondido Police Officers" as Defendants. (*Id.* at 1, 7.) However, Plaintiff states in his "Motion to Lift Stay" that he is "removing the "illegal search and seizure" claim from his FAC. (*See* Pl.'s Mot., ECF No. 4 at 6.)

The Fourth Amendment prohibits "unreasonable searches and seizures," and "reasonableness is always the touchstone of Fourth Amendment analysis." *Birchfield v. North Dakota,* 136 S. Ct. 2160, 2186 (2016). Reasonableness is generally assessed by carefully weighing "the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to

justify the intrusion." *Tennessee v. Garner,* 471 U.S. 1, 8 (1985) (internal quotation marks omitted); *Cty. of Los Angeles, Calif. v. Mendez*, 137 S. Ct. 1539, 1546 (2017); *Zion v. Cty of Orange*, 874 F.3d 1072, 1075 (9th Cir. 2017) (citing *Graham v. Connor*, 490 U.S. 368, 388 (1989)).

In his FAC, Plaintiff alleges that he had "exited a property" where he had been staying but was "not welcomed" at this property when he was arrested by Defendant Palmer. (FAC at 7.) He claims Defendants Palmer, Scroggins, and Unknown Escondido Police Officers then "stormed the residence over Plaintiff's objection without a warrant." (*Id.*) Plaintiff appears to object to a search of a home where he did not reside. The Supreme Court has held that overnight guests have a reasonable expectation of privacy in the residence of their host. *See Minnesota v. Olson*, 495 U.S. 91, 93 (1990). However, Plaintiff freely admits that he was "not welcomed" in the residence where he claims the search took place. (FAC at 7.) In *Olson*, however, the Supreme Court defined a houseguest as someone who is in the home "with the permission of his host, who is willing to share his house and privacy with his guest." *Olson*, 495 U.S. at 99. Here, Plaintiff admits that he did not have permission of the person who is in control of the property to stay in that home. Therefore, Plaintiff had no "reasonable expectation of privacy" in a residence that he was neither the occupant of home nor the guest of the person ultimately in control of the residence.

Therefore, the Court finds that Plaintiff has failed to state a Fourth Amendment claim upon which relief may be granted.

## III. Conclusion and Order

For the reasons discussed, the Court:

1) **DENIES** in part, and **GRANTS** in part, Plaintiff's Motion to Lift Stay. The Court will lift the stay issued on April 26, 2018;

2) **DISMISSES** Plaintiff's Amended Complaint [ECF No. 5] without further leave to amend for failure to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1);

7

3:18-cv-00514-CAB-BLM

3) **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3), and

4) **DIRECTS** the Clerk of Court to enter a new final judgment of dismissal and to close the file.

**IT IS SO ORDERED**.

Dated: September 7, 2018

_____
Hon. Cathy Ann Bencivengo
United States District Judge