UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LEE CHILDRESS, Jr., BOP #25851-039, <br><br> Plaintiff, <br><br> vs. <br><br> KRAIG PALMER, J. KYLE SCROGGINS, Jr.; UNKNOWN ESCONDIDO POLICE OFFICERS, <br><br> Defendants. | Case No.: 3:18-cv-00514-CAB-BLM <br><br> **ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT** <br><br> [ECF No. 9] |

Robert Lee Childress, Jr. ("Plaintiff"), is a pre-trial detainee currently housed in the Otay Mesa Detention Center located in San Diego, California, and is proceeding pro se in this civil action.

**I.      Procedural History**

On September 7, 2018, the Court granted in part, and denied in part, Plaintiff's "Motion to Lift Stay, Correct Caption and Request for U.S. Marshal Service." (ECF No. 6.) In addition, the Court dismissed Plaintiff's entire First Amended Complaint ("FAC") for failing to state a claim and "without further leave to amend." (*Id.* at 7.) The Court also certified that an "IFP appeal would not be taken in good faith pursuant to 28 U.S.C.

1

§ 1915(a)(3)." (*Id.* at 8.) On September 26, 2018, Plaintiff filed a "Motion for Relief from Judgment; Rule 60(b)." (ECF No. 9.)

## II. Plaintiff's Motion pursuant to FED. R. CIV. P. 60(b)

### A. Standard of Review

Under Rule 60, a motion for "relief from a final judgment, order or proceeding" may be filed within a "reasonable time," but usually must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding." FED. R. CIV. P. 60(c)(1).

Rule 60(b) provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; (6) any other reason justifying relief. FED. R. CIV. P. 60(b)*; School Dist. 1J v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

"Although the application of Rule 60(b) is committed to the discretion of the district courts . . ., as a general matter, Rule 60(b) is remedial in nature and must be liberally applied." *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 695-96 (9th Cir. 2001) (internal quotation marks and ellipsis omitted). Nevertheless, Rule 60(b) provides for extraordinary relief and may be invoked only upon a showing of "exceptional circumstances." *Engleson v. Burlington N.R. Co.*, 972 F.2d 1038, 1044 (9th Cir. 1994).

### B. Plaintiff's Motion

First, Plaintiff challenges the findings of this Court as it pertains to his Fourth Amendment claims. In his FAC, Plaintiff alleged that he "exited a property in Escondido, CA where he was a guest to be arrested as agreed." (FAC at 7.) Plaintiff further stated that "Defendant Palmer expressed he didn't have a search warrant and wouldn't enter the home." (*Id.*) Plaintiff admitted that he was "not welcomed there." (*Id.*)

Plaintiff further alleged that "Defendants Palmer, Scroggins and unknown Escondido Police Officers stormed the residence over Plaintiff's objection without a warrant to search, nothing was seized that could impugn a conviction." (*Id.*)

The Court found that Plaintiff admitted that he was not "welcomed" at this property and therefore, was neither a resident nor a houseguest at the property in question. (Sept. 7, 2018 Order at 7.) The Supreme Court has defined a houseguest as someone who is in the home "with the permission of his host, who is willing to share his house and privacy with his guest." *Minnesota v. Olson*, 495 U.S. 91, 99 (1990). Therefore, because Plaintiff freely admitted that he did not have permission to occupy the residence, he had "no reasonable expectation of privacy" necessary to state a Fourth Amendment claim. (Sept. 7, 2018 Order at 7.)

In his current Motion, Plaintiff argues that he was, in fact, a "guest" of his "girlfriend's residence" for a "little over six months." (Pl.'s Mot. at 8.) In addition, while Plaintiff admits that he alleged that he was "not welcomed there," but he argues that this was a "clerical error." (*Id.* at 10.) Instead, Plaintiff argues that he meant to allege that he was "not welcome there *anymore*," but prior to his arrest and the search he was an invited guest. (*Id.*) (emphasis added.)

Plaintiff lacks standing to bring a Fourth Amendment claim. "Fourth Amendment rights are personal rights which, like some other constitutional rights, may not be vicariously asserted." *Alderman v. United States*, 394 U.S. 165, 174 (1969). In order for Plaintiff to have standing to assert a Fourth Amendment claim he must allege that it "was *his* person, house, paper, or effect searched." *Lyall v. City of Los Angeles*, 807 F.3d 1178, 1186 (9th Cir. 2015). However, Plaintiff alleges his "girlfriend was very upset that *her* home was searched, ransacked and *her* belongings rummaged through." (Pl.'s Mot. at 10.) (emphasis added.) Plaintiff's allegations make clear that the property searched belonged to his girlfriend, not to him.

Thus, the Court finds that Plaintiff lacks standing to bring a Fourth Amendment claim based on the purported Fourth Amendment search of his girlfriend's home.

In addition, Plaintiff alleges that the Court erred in dismissing his Fifth Amendment due process claim against Defendant Palmer. (*See* Pl.'s Mot. at 12.) In the Court's September 7, 2018 Order, the Court found that Plaintiff failed to state a claim because there was "no rational to imply a *Bivens* action based on the claims presented by Plaintiff." (Sept. 7, 2018 Order, ECF No. 6, at 6.) Plaintiff now seeks to avoid this conclusion by arguing in his Motion that he can, in fact, bring this Fifth Amendment claim under 42 U.S.C. § 1983 because Defendant Palmer is a Federal Agent but also allegedly "a state law enforcement officer with the San Diego Sheriff's Department as a Detective with the Regional Auto Theft Task Force." (Pl.'s Mot. at 12.)

A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan,* 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)). Here, the Court takes judicial notice that Plaintiff is currently facing federal charges in *USA v. Childress*, S.D. Crim. Case No. 3:16-cr-02556-GPC. A review of this matter clearly indicates that the property Plaintiff claims he was deprived of causing the alleged Fifth Amendment violation is the same property that is the subject of the ongoing federal criminal proceeding.

A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

Here, Plaintiff's attempts to reframe a *Bivens* claim into a § 1983 claim by arguing that Defendant Palmer was not acting as a federal agent is not plausible. First, as stated above, Plaintiff is facing federal criminal charges based on the same set of facts found in

his FAC.  Second, Plaintiff does not allege any facts in his FAC to indicate that there was any involvement by the San Diego County Sheriff's Department with respect to the claims that he is bringing in this matter.   All the facts alleged, along with taking judicial notice of the criminal proceedings, indicates that the only plausible outcome is a finding that Defendant Palmer was acting as a federal agent.  For all these reasons, the Court does not find that Plaintiff has alleged plausible facts to find that Defendant Palmer was acting "under color of state law" and thus, he cannot bring a § 1983 claim against this Defendant.

Plaintiff does not seek reconsideration based on mistake, inadvertence, surprise or neglect. He does not present any newly discovered evidence, point to fraud, argue that the Court's September 7, 2018 Order is void, that any judgment has been satisfied, or point to any "other reason" that might justify reconsideration. *See* FED. R. CIV. P. 60(b)(1)-(6).

### III. Conclusion and Order

For these reasons, the Court **DENIES** Plaintiff's Motion for Relief from Judgment (ECF No. 9).

The Clerk of Court shall close the file.

Dated:  October 19, 2018

Hon. Cathy Ann Bencivengo
United States District Judge